This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38843**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**CHRISTINA NAVARRO,**

     Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Rosemary Cosgrove-Aguilar, Metropolitan Court Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}**    Defendant appeals her metropolitan court conviction for DWI (slightest degree). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}**    Issue A [renumbered in MIO as issue 2]: Defendant continues to claim that the metropolitan court should have excluded the testimony of a State witness as a sanction for failing to comply with discovery deadlines. [MIO 6] Exclusion of evidence as a sanction for a discovery abuse is guided by the following factors: (1) the culpability of

the offending party, (2) the prejudice to the adversely affected party, and (3) the availability of lesser sanctions. *State v. Harper*, 2011-NMSC-044, ¶ 2, 150 N.M. 745, 266 P.3d 25. We review the metropolitan court's ruling for an abuse of discretion. *State v. Le Mier*, 2017-NMSC-017, ¶ 22, 394 P.3d 959. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). "In reviewing the metropolitan court's decision, this Court views the evidence—and all inferences to be drawn from the evidence—in the light most favorable to the metropolitan court's decision." *Le Mier*, 2017-NMSC-017, ¶ 22.

**{3}** Here, Defendant was charged with DWI on July 10, 2019, based on an incident that occurred in and around Coronado Mall. [MIO 1-3] The parties knew that the incident had been captured by Mall surveillance cameras, and on October 7, 2019, defense counsel inquired about the lack of production at a pre-trial conference. [MIO 6-7, DS 3] The metropolitan court set a deadline of November 1, 2019, for the State to produce the footage. [DS 3] The State missed the deadline, and Defendant moved to suppress all evidence and testimony that could have been impeached by footage; Defendant's legal argument framed the matter as a failure to collect and/or preserve the footage. [RP 28] The metropolitan court suppressed the footage, but on January 15, 2020, three weeks before trial, the State provided Defendant with a copy of the footage. [DS 4] Defendant then requested that the metropolitan court suppress the testimony of the mall security officer, Nathan Beckstrand, who had been involved in the incident, as a result of the late disclosure. [DS 4-5] The court denied the motion. [DS 5]

**{4}** Applying the *Harper* factors, we conclude that the metropolitan court did not abuse its discretion. Specifically, the State's culpability is not clear, other than the mere fact of its failure to timely obtain possession earlier; the prejudice is also minimal, since Defendant was able to complete an interview with Beckstrand prior to the availability of the tape [RP 26], and had three weeks to review the tape for any impeachment value; and finally, the metropolitan court left intact the alternative remedy—exclusion of the tape. [MIO 7]

**{5}** Issue B [renumbered as issue 1 in the MIO]: Defendant continues to challenge the sufficiency of the evidence to support her conviction in the metropolitan court for DWI under the impaired-to-the-slightest-degree theory of NMSA 1978, Section 66-8-102(A) (2016). [MIO 3; RP 48] *See State v. Sanchez*, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446 (stating that "under the influence" of intoxicating liquor under Section 66-8-102(A) means that the defendant was less able to the slightest degree, either mentally or physically or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the defendant and the public).

**{6}** Here, a Coronado Mall security guard, Beckstrand, asked Defendant to leave a restaurant based on her signs of intoxication. [DS 5] Beckstrand testified that he then observed Defendant driving her vehicle, he stopped her vehicle and requested the

assistance of a State police officer who was at the mall. [DS 5] The officer let her go, but another officer arrived at the scene approximately 45 minutes later, and he commenced a DWI investigation after observing Defendant standing on a median across from the mall. [DS 5-6] Defendant was unable to complete field sobriety tests, and blew above the legal limit on her breath alcohol test. [DS 6]

**{7}**     Defendant continues to argue [MIO 4] that the 45 minute gap between the time she was evicted from the mall and the time the DWI investigation commenced means that there was no moment in time that combined both driving and impairment. [MIO 4] However, Beckstrand testified that he had ordered Defendant to leave the premises based on intoxication, and then watched her drive away before stopping her and asking her to put her keys on the dashboard. [MIO 1]Although Defendant argues [MIO 5] that the fact-finder had to speculate that she was slightly impaired at the time Beckstrand observed her driving, we conclude that this was a reasonable inference under circumstances, and it was buttressed by continued signs of impairment when  the DWI investigation commenced. *See, e.g.*, *State v. Mailman*, 2010-NMSC-036, ¶¶ 23, 27-28, 148 N.M. 702, 242 P.3d 269 (observing that direct evidence is not required to support a conviction for past DWI; rather, circumstantial evidence may be relied upon to establish that the accused actually drove while intoxicated).  Defendant's reliance [MIO 4] on *State v. Cotton*, 2011-NMCA-096, ¶ 14, 150 N.M. 583, 263 P.3d 925, is unpersuasive, because there was no testimony in that case to support the overlap between drinking and driving. In addition, the record indicates that Defendant admitted to the officers that she was driving and that she was drunk. [RP 35] Accordingly, we conclude that the evidence presented by the State was sufficient to support Defendant's conviction under the "slightest degree" alternative of DWI.

**{8}**     Based on the foregoing, we affirm.

**{9}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**